IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:

HECTOR M. SANTIAGO MALDONADO,  : Case No. 11-00695 (SEK)

    Debtor  : Chapter 13

## DECISION AND ORDER

This case is before the Court upon the Chapter 13 trustee's motion requesting that the Court determine whether an attorney filing a bankruptcy petition is required to meet with a prospective debtor prior to filing a bankruptcy petition and whether the prepetition interview is necessary to establish an attorney-client relationship. The Court answers both in the affirmative.



The relevant facts are not in controversy. The debtor, Hector M. Santiago Maldonado ("Santiago") appeared at the § 341 meeting of creditors and represented to the trustee that he had not been interviewed nor advised by a lawyer. While Santiago appeared at the § 341 meeting with counsel, Attorney Luis Cuevas, he had only met Attorney Cuevas just before the case was called for the meeting. Prior to the § 341 meeting, Santiago had only met with a paralegal in the office of his attorney, Franciso J. Ramos Gonzalez.

Attorney Ramos filed a motion indicating that he has internal standard procedures in place to comply with all rules, regulations and guidelines in accordance with the ethical requirements of the Model Rules of Professional Conduct, but that he had a personal

emergency that required him to be away from his office for a period of two weeks. During this time, he had another attorney engaged, but the assigned attorney had excess work and the internal procedures and controls were not followed as directed. Attorney Ramos had a meeting with the Chapter 13 trustee to admit that the established procedures were not followed and a meeting with Santiago to clarify the situation.

This Court concludes, as have Judges Lamoutte and Tester, that a debtor's attorney must provide face-to-face legal advice to a client before a bankruptcy case can be filed and at every critical stage of the proceedings. A meeting prior to the bankruptcy filing is necessary to afford a prospective client the opportunity to have their options, obligations and rights explained, as well as their questions answered. A client interview by counsel is also necessary to establish an attorney-client relationship.



As did Judge Tester, this Court has reviewed the Opinion and Order in Case No. 11-00661 (ESL)(dkt. #20), which addresses the same issue and this Court incorporates Judge Lamoutte's legal analysis and conclusions of law. In the present case, this Court concludes that Attorney Ramos failed to comply with his ethical duties in providing appropriate legal advice to his client prior to the filing of the bankruptcy petition. Since he admitted the situation, the lapse occurred due to a personal emergency and the Attorney has taken steps to remedy the situation, we take no

further action in this matter.

    **SO ORDERED.**

    In San Juan, Puerto Rico, this 28th day of July 1, 2011.

                      BY THE COURT:

                        _____
                        SARA E. DE JESUS
                        U.S. Bankruptcy Judge